# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7926 | **DATE** | 8/28/2003 |
| **CASE TITLE** | Eugenio del Castillo Mariscal vs. Nicholas Frank Anderson | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Transfer Venue

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons given in the attached memorandum opinion, Defendant's Motion to Transfer Venue [No. 14] is granted. This case will be transferred to the District of Minnesota.

(11) ■ [For further detail see order attached to the original minute order.]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EUGENIO del CASTILLO MARISCAL, | ) |
| Plaintiff, | ) |
| v. | ) No. 02 C 7926 |
| | ) HONORABLE DAVID H. COAR |
| NICHOLAS FRANK ANDERSON, | ) |
| Defendant. | ) |

DOCKETED
SEP 3 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff, Eugenio del Castillo Mariscal, filed a complaint in this court for personal injuries he suffered in an automobile accident on June 29, 2002. Before this Court is Defendant's Motion to Transfer Venue to the District of Minnesota pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, defendant's motion is granted.

### I. Factual and Procedural Background

In the Summer of 2002, Plaintiff Eugenio del Castillo Mariscal ("Plaintiff") and Defendant Nicholas Anderson ("Defendant") were both camp counselors at Camp Chippewa in Minnesota. On June 29, 2002, both parties were drinking alcohol at Statz Sports Bar in Bemidji, Minnesota. When they were driving back to camp, they got into a single car accident. Defendant was the driver of the vehicle and Plaintiff was the backseat passenger.

Several officers from the Bemidji, Minnesota Police Department were responsible for investigating the accident. Their investigation led to the initiation of criminal charges against Defendant for driving while intoxicated. The legal blood-alcohol level in Minnesota at the time



1

was 0.10; according to the criminal complaint filed in state court, Defendant's blood-alcohol level was 0.17 shortly after the accident. Defendant eventually plead guilty to a charge of driving while intoxicated in a Minnesota court and served a short sentence in a Minnesota jail.

Plaintiff filed the instant complaint against Defendant on November 1, 2002. The Complaint alleges that the Defendant was negligent in the operation of the vehicle on the night of the accident, and that Defendant's negligence was the direct and proximate cause of Plaintiff's injuries. Defendant waived service and timely filed his Answer on January 3, 2003. The Court held a scheduling conference pursuant to Rule 16(b) of the Federal Rules of Civil Procedure on February 27, 2003. At the scheduling conference, the Court set February 15, 2004 as the deadline for fact discovery, March 15, 2004 as the deadline for filing dispositive motions, and July 12, 2004 as the trial date.

The Defendant took the deposition of the Plaintiff on June 26, 2003. The Plaintiff took the deposition of the Defendant on June 27, 2003. Shortly thereafter, on July 9, Defendant filed the instant Motion to Transfer Venue.

## II. Legal Standard

The standard for granting Motions to Transfer Venue is clearly stated in 28 U.S.C. § 1404(a): "For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." As long as venue is proper in both the transferor and the transferee court, the district court has broad discretion in deciding whether a motion for transfer is for the convenience of the parties and witnesses and in the interests of justice. See Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir.1986) ("The weighing of factors for and against transfer necessarily involves a large

degree of subtlety and latitude, and therefore, is committed to the sound discretion of the trial judge."); see also Amoco Oil Co. v. Mobil Oil Corp., 90 F.Supp.2d 958, 959 (N.D. Ill.2000). The burden is on the moving party to demonstrate that the proposed transferee court is clearly more convenient. See FUL Inc. v. Unified School Dist. No. 204, 839 F.Supp. 1307, 1311 (N.D. Ill.1993) (citing Coffey, 796 F.2d at 219–20).

## II. Discussion

The parties agree, as does this Court, that venue is proper in the Northern District of Illinois (the transferor court) and the District of Minnesota (the transferee court). Therefore, the only issue in dispute is whether transfer of this case to Minnesota would be for the convenience of the parties and witnesses and in the interest of justice.

### A. Convenience of the Parties and Witnesses

In evaluating the convenience of the forum for the parties and witnesses, the court considers (1) the plaintiff's choice of forum; (2) the site of material events; (3) the convenience to the parties of litigating in respective forums; (4) the availability of evidence in each forum; and (5) the convenience of the witnesses. Amoco Oil Co. v. Mobil Oil Corp., 90 F.Supp.2d 958, 960 (N.D. Ill. 2000). The Court will consider each of these factors in turn.

#### 1. Plaintiff's Choice of Forum

As a general rule, plaintiff's choice of forum is entitled to substantial weight. See Dunn v. Soo Line R. Co., 864 F. Supp. 64, 65 (N.D. Ill. 1994). If plaintiff's choice of forum is also its home forum, the choice is entitled to even greater weight. See FUL Inc. v. Unified School Dist, No. 204, 839 F.Supp. 1307, 1311 (N.D. Ill.1993). The protection afforded to plaintiff's forum of choice is diminished, however, if the "conduct and events giving rise to the litigation did not take

3

place in the plaintiff's selected forum." Dunn, 864 F. Supp. at 65.

In this case, Plaintiff chose the Northern District of Illinois as the forum for this litigation. This district is a proper venue for this diversity case, as it is the district where the Defendant maintains his permanent residence. See 28 U.S.C. § 1391(a)(1) (venue is proper in district where Defendant resides). The Northern District of Illinois, however, is not the Plaintiff's home forum. Plaintiff is a citizen of Mexico who resides in Mexico City. Where the forum of filing is not the plaintiff's home forum, as here, the plaintiff's choice is still entitled to some deference so long as the forum was not chosen to impose cost and vexation on the defendants. There is no indication that is the case here, so this factor slightly favors the Plaintiff.

2. Site of Material Events

Almost all of the events material to this litigation took place in Minnesota, the transferee district. The behavior preceding the traffic accident, the accident, the investigation, and the subsequent criminal prosecution of Defendant all took place in Minnesota. The only material event that took place outside of Minnesota is Plaintiff's subsequent course of medical treatment, which occurred in Mexico. Here, none of the material events took place in the Plaintiff's forum of choice. This virtually nullifies the protection afforded to the Plaintiff's choice of forum. This factor strongly favors a transfer of venue.

3. Convenience to the Parties of the Respective Fora

The Plaintiff argues that it is more convenient for him to litigate the case in the Northern District of Illinois because there are more frequent and regular flights between Chicago and his hometown of Mexico City than there are between Minneapolis, Minnesota and Mexico City. Although the parties have provided scant evidence on this point, the Court believes that it would

4

be marginally more convenient for Plaintiff to fly in and out of Chicago than it would be for Plaintiff to fly in and out of Minneapolis for this lawsuit. Either way, though, the Plaintiff will have to engage in international travel to get between the courthouse and his house.

Defendant argues that it would be just as convenient for him to litigate the case in Minnesota. Defendant is a resident of Illinois, but he represents that he is a resident in name only. Defendant represents that he is currently a student at Northland College in Ashland, Wisconsin. Ashland, Wisconsin is 220 miles from Minneapolis and 441 miles from Chicago. Given the relative proximity of Defendant's residence to the courthouses, it appears that it would be more convenient for the Defendant to litigate the case in Minnesota.

Plaintiff argues that Illinois is more convenient for the Defendant because his permanent residence is here. Defendant contests whether Plaintiff "can argue the inconvenience of the defendant when the defendant has chosen to move for a change of venue." (Def. Rep. Mot. Transfer Venue, at 1.) On a motion for change of venue, a party can certainly contest its opponents position that the proposed transferee court is more convenient for the opponent. In this case, though, Plaintiff's argument does not advance his position much. The fact that Defendant remains a permanent resident of Illinois does militate towards a finding that Illinois is more convenient for the Defendant than some other venue, but the Court will not ignore the Defendant's temporary year-round residence.

To sum up, for the plaintiff this litigation will be inconvenient whether it is in the Northern District of Illinois or the District of Minnesota. Either way, the Plaintiff will have to fly cross international borders. The difference in convenience between flying to Chicago or Minneapolis from Mexico City is marginal. For the defendant, the litigation will also be

inconvenient in either forum. The Northern District of Illinois is the Defendant's forum of residence, but the District of Minnesota is 200 miles closer to Defendant's temporary residence in Wisconsin. Convenience to the parties does not clearly favor either forum.

4. Availability of Evidence and Convenience of Witnesses

Non-testimonial evidence will be equally available in either forum, so this factor devolves to an inquiry regarding the availability and convenience of the witnesses. The Court, therefore, will consider both factors together. The Plaintiff has been unable to highlight any witnesses who live in Illinois besides the Defendant. Even the Defendant does not really live in Illinois; he finds himself in the odd category of the non-resident resident. All of the non-party witnesses relating to the accident either live in Minnesota or someplace other than Illinois. All of those witnesses are beyond the reach of this Court's power to compel the attendance of witnesses. The parties could depose those unavailable witnesses and present deposition testimony at trial, but as Defendant rightly points out, the federal rules favor live testimony. In the transferee court, many of those witnesses would be within the reach of the subpoena power.

In addition to the availability of witnesses to the court, it would be much more convenient for the non-party witnesses who live in Minnesota if the case were tried in Minnesota instead of the Northern District of Illinois. The availability of witnesses and convenience to witnesses clearly favor a transfer of venue.

B. Interests of Justice

The other element the statute requires the Court to consider is the interests of justice. The interests of justice inquiry under the transfer statute "embraces traditional notions of judicial economy, rather than the private interests of the litigants and their witnesses." TIG Ins., Co. v.

6

Brightly Galvanized Prods., Inc., 911 F.Supp. 344, 346 (N.D. Ill.1996). This inquiry includes such considerations as (1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the desirability of resolving controversies in their locale; and (4) the relation of the community to the occurrence at issue. See Symons Corp. v. Southern Forming & Supply, Inc., 954 F.Supp. 184, 187 (N.D. Ill.1997).

These considerations clearly favor transferring this action to the District of Minnesota. The parties agree that Minnesota law of negligence will govern this case. The federal courts in the District of Minnesota deal with Minnesota law much more regularly than the federal courts in the Northern District of Illinois. The parties would certainly benefit from the transferee courts' relative expertise. Moreover, the traffic accident leading to this lawsuit occurred in Minnesota. Therefore it is more appropriate for the members of that community to determine whether Defendant's driving was negligent, whether Plaintiff's conduct was contributorily negligent, and whether damages should be awarded and in what amount.

Plaintiff's only argument that the transfer may not be in the interests of justice is that the case may not proceed to trial as quickly in Minnesota. Plaintiff represents that the District of Minnesota averages 22 months to process each case. Plaintiff mistakenly assumes, though, that the clock on this case will be set at zero if it is transferred. The parties have already begun to engage in discovery in this case. Where both parties to the case have already been deposed, it can only shorten the average processing time. While the Court cannot assure the parties that the case will proceed to trial in July 2004 if the case is transferred, neither can the Court be certain that transfer will materially delay the resolution of this case. Where all the other interests of justice considerations militate towards a transfer, they outweigh the potential for some delay in

7

the resolution of the matter.

## Conclusion

For the foregoing reasons, the Defendant's Motion to Transfer Venue to the District of Minnesota is granted.

Enter:

David H. Coar
United States District Judge

Dated: August 28, 2003